IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HOWLINK GLOBAL LLC § | |
| *Plaintiff,* § | |
| v. § | CASE NO. 2:22-cv-00040-JRG-RSP |
| AT&T, INC, ET AL., § | (Lead Case) |
| § | |
| VERIZON COMMUNICATIONS, INC., § | CASE NO. 2:22-cv-00042-JRG-RSP |
| ET AL. § | (Member Case) |
| *Defendants.* § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party[1] the following information:

   (a)    the correct names of the parties to the lawsuit;

   (b)    the name, address, and telephone number of any potential parties;

   (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

---

[1] The term "party" in this Discovery Order includes the plaintiffs and defendants, as well as any intervenors.

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

        i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

 (c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

**Interrogatories:** Plaintiff may serve not more than 35 common interrogatories on Defendants, collectively, and 10 individual interrogatories on each Defendant Group. Defendants collectively may serve a maximum of 45 interrogatories on Plaintiff and the Defendants may allocate among themselves the number of common interrogatories and the number of Defendant specific interrogatories to Plaintiff. Interrogatories permitted under the court's model ESI order are not included in the 45 interrogatory limit.

**Requests for Admission:** No party shall answer more than 40 Requests for Admission on substantive issues not related to the authentication of documents.

**Depositions**: Deposition discovery may commence at any time. However, before depositions of the Parties commence, each side will serve their Rule 30(b)(6) notice(s) in an effort to avoid either side having to reproduce any fact witnesses as a corporate designee. Witnesses shall not be recalled absent good cause.

**Party Fact Witness Depositions:**

- Each Defendant Group (including any third-party Defendant Group or Intervenor Group that may join the case) shall each be subject to a maximum of 56 hours of depositions.

- Plaintiff shall be subject to a maximum of 56 hours of deposition. To reduce redundancy and inconvenience to the parties, the Defendants may coordinate and allocate those hours to subjects common to all Defendants and to testimony that is specific to each Defendant Group.

- Party fact witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and

     representatives deposed in their individual capacity under FRCP 30(b)(1). The parties will endeavor to depose any party fact witness within one day.

- Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, the number of witnesses identified in initial disclosures, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties.

The above cumulative limits on deposition time do not constitute any agreements by the parties that an opposing party is entitled to take its maximum hours of testimony from them; nor does this cumulative limit alter the limitation on each deposition's duration specified under the Federal Rules. The deposition provided for in the court's model ESI order is excluded from this deposition limit.

**Third-party depositions:** Third-party depositions shall be subject to the 7-hour duration limits specified under the Federal Rules. Each side may take a total of 49 hours of third-party depositions (excluding inventor and expert depositions) per side.

**Named Inventors:** The Parties shall meet and confer in advance of each noticed deposition of a named inventor to determine the appropriate number of deposition hours (if any) for such inventor, but in no event shall a single named inventor be deposed for more than 14-hours collectively by Defendants. The parties will also confer about any other deposition logistics such as location, start time, and approved interpreter. Fact deposition testimony of inventors is

exclusive of any time the inventor spends testifying as a designated expert witness.

**Expert Depositions:** The Parties shall be limited to no more than 6 testifying experts for Plaintiff or a Defendant Group. The Parties shall meet and confer in advance of each expert deposition to determine the appropriate number of hours of deposition per expert, but no single expert will be deposed for more than 14 hours total. The parties will meet and confer in the event that a party feels that more than 14 hours is needed for the deposition of any expert. An expert who is not opining on infringement or validity shall not be deposed for more than 7 hours total. If any party serves a supplemental expert report, the parties will meet and confer on whether any deposition is needed and if so, what the duration of that deposition should be.

**Definitions**: "Side" means a party or a group of parties with a common interest, i.e., Defendants, including any intervening party, comprise one side and the Plaintiff comprises the other side. A Defendant Group is the group of commonly accused Defendants identified in a single complaint, i.e., the AT&T Defendant Group is AT&T Corp., AT&T Communications, LLC, AT&T Mobility LLC, and AT&T Services, Inc. Should any parties intervene, the intervening party will constitute its own Defendant Group.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner

that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding

Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court

   (though the lead attorney is not required to argue the motion).

 (e)  Any change to a party's lead attorney designation must be accomplished by motion and order.

 (f)  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV- 26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery**.

 a. **Draft Expert Reports and Expert Communications**:

  (i) Draft expert reports and expert communications with counsel and/or a party are not discoverable unless relied on by an expert who will give testimony ("Testifying Expert"). This limitation applies regardless of whether such draft reports have been disclosed or otherwise transmitted to, or contain any notes, writing, or markings created by, in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such testifying expert.

  (ii) Similarly, notes, preparatory materials, and other documents prepared by or

for a Testifying Expert as part of the investigation, in preparing an expert report, and/or in preparing for the expert's deposition shall not be subject to discovery. Discovery of materials provided to Testifying Experts is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in formulating their final report, trial, or deposition testimony, or any opinion in this action. Notwithstanding the foregoing, details concerning an expert's compensation arrangements and compensation remain discoverable.

(iii) No discovery may be taken from or about any consulting expert that will not provide testimony and/or an expert opinion in the above-captioned action ("Consulting Expert') except to the extent that the Consulting Expert has provided information, opinions, or other materials that a Testifying Expert relied on in forming their final report, trial, or deposition testimony or any opinion in this action. In such a case where a Consulting Expert has provided materials or information that a Testifying Expert has relied on, a deposition may be taken of the consulting expert regarding only those materials and information.

(iv) Written or oral communications between any Testifying Expert or Consulting Expert, their assistants, and/or in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert or Consulting Expert, are not subject to discovery unless the conversations or communications are relied upon by a Testifying Expert in formulating his/her final report, trial, or deposition testimony, or any opinion in this action. For avoidance of doubt, (a) emails,

    lists, agendas, outlines, memoranda, presentations, letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert and (b) any other types of preliminary work product created by or on behalf of any expert are not subject to discovery unless relied upon by a Testifying Expert in formulating their final report, trial or deposition testimony, or any opinion in this action.

  (v) Communications and materials exempt from discovery under this provision shall be treated as attorney work product and need not be listed on any privilege log.

b. **Privilege Log**: No party shall have an obligation to identify on a privilege log any privileged communication dated on or after February 3, 2022 or any communications or attorney work-product involving litigation counsel.[3]

c. **Inadvertent Disclosure:** Inadvertent disclosure of material protected by the attorney-client privilege or the work-product doctrine shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(3) and (5). The receiving party shall immediately return, destroy, or sequester all accessible copies and make reasonable efforts to retrieve the information, if the receiving party disclosed it. For purposes of this paragraph, copies made by the routing operation of an automated disaster recovery system are not accessible. Further, a receiving party shall immediately notify the producing party upon discovery of information that appears on its face to have been inadvertently produced and shall not use, copy, or distribute

---

[3] For purposes of this provision, Plaintiff's "litigation counsel" includes LTL Attorneys LLP, Capshaw DeRieux LLP, and EICHMANN. Defendants' litigation counsel includes Alston & Bird, LLP and The Dacus Firm.

the information, pending confirmation form the producing party that the information was inadvertently produced. Upon confirmation, the receiving party shall comply with the other obligations of this paragraph. The parties agree to and request that the Court enter the following Order in accordance with Fed. R. Evid. 502(d):The production or disclosure of documents, information, or other materials (including physical objects) by a party or third-party in connection with this proceeding is subject to the provisions of Rule 502(d), which provides that any production or disclosure of any information that is subject to any applicable privilege or protection—including, but not limited to, attorney-client privilege, common interest privilege, work product immunity, or any other applicable privilege or immunity—shall not be deemed waiver of any privilege or protection (except for an intentional waiver of any such privilege) in connection with the litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. *See* Fed. R. Evid. 502(d). The production or disclosure of materials or information in connection with the proceeding, whether by the parties or third parties, shall not be deemed a publication so as to void or make voidable whatever claim a party may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

d. **The parties will meet and confer to negotiate stipulations as to**:

    **i.**    Form and content of privilege logs

    **ii.**    Discovery of Electronically Stored Information ("ESI")

    **iii.**    Deposition Discovery including foreign language and remote depositions

      iv.   Authentication of trial exhibits (to preclude the need for authentication Requests for Admission).

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 9th day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE